

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:

# 03-40146

THE HOLMES GROUP, INC.,

  Plaintiff,

v.

RPS PRODUCTS, INC.,

  Defendant.

RECEIPT # 40409 6
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✗
BY DPTY. CLK. ____
DATE 7-3-03

## COMPLAINT AND JURY DEMAND

Plaintiff, The Holmes Group, Inc., for its Complaint against defendant, RPS Products, Inc., alleges:

### The Parties

1.  Plaintiff, The Holmes Group, Inc. ("Holmes"), is a Massachusetts corporation with its principal place of business at 1 Holmes Way, Milford, Massachusetts.

2.  Upon information and belief, defendant, RPS Products, Inc. ("RPS") is a corporation that transacts business in this judicial district and has a place of business at 281 Keyes Avenue, Hampshire, Illinois.

### Jurisdiction

3.  This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over RPS by virtue of RPS' offer for sale and sale of infringing products, directly or through others, into and in this jurisdiction, with the



expectation that they will be purchased and used by consumers and others in the Commonwealth of Massachusetts, and, on information and belief, by virtue of the fact that RPS derives substantial revenue from its products sold or used in the Commonwealth of Massachusetts.

### Venue

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391(c) and § 1400(b).

### The Holmes '932 Patent

6.     United States Letters Patent 6,425,932 ("the '932 patent"), entitled "Air Purifier," was duly and legally issued to Holmes on July 30, 2002.  (Copy attached hereto as Exhibit "A".)

7.     Holmes is the owner of the '932 patent.

8.     Holmes is a Massachusetts based company that designs, manufactures and distributes household appliances.  The Holmes product line includes air purifiers.

9.     In 1999, Holmes undertook to develop a new line of air purifiers that came to be known as the "Harmony®" line.  As part of this development effort, Holmes also developed a unique filter for use in Harmony® air purifiers (the "Harmony® Filter").

10.    Holmes expended substantial funds and resources on this development effort.

11.    The Harmony® Filter is distinctive because, among other reasons, the same size and type of filter can be used in different size air purifiers.  This is accomplished by increasing or decreasing the number of filters used, depending on the size and model of air purifier.

12.    The '932 patent claims, among other things, hanging systems for air filters.  The patented Holmes hanging systems are used to achieve the interchangeability of the Harmony® Filters between different Harmony® machines.

13.    RPS markets and distributes filters for use in Holmes Harmony® air purifiers. Those RPS filters incorporate a hanging mechanism claimed in the '932 patent.

2

## COUNT I
### Infringement of the '932 Patent

14.    Holmes repeats and realleges the allegations in each and every other paragraph of this Complaint, as if set forth herein.

15.    RPS has infringed and is continuing to infringe Holmes' '932 patent by making, using, offering to sell, selling and/or importing and/or inducing and/or contributing to others' making, using, offering to sell, selling and/or importing products that embody or use the inventions claimed in the '932 patent.

16.    Holmes has marked its Harmony Filters and/or the packaging therefor pursuant to 35 U.S.C. § 287.

17.    RPS has received actual notice of the '932 patent.

18.    On information and belief, RPS' infringement has been willful and deliberate.

19.    Holmes has been and will continue to be damaged by RPS' infringement and has been and will continue to be irreparably injured by those activities.

20.    Holmes does not have an adequate remedy at law.

### Prayer for Relief

WHEREFORE, plaintiff Holmes prays that this Court:

1.    Enter judgment in favor of Holmes and declaring that RPS has infringed Holmes' '932 patent;

2.    Enter a preliminary, and then a permanent, injunction against RPS, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, its assigns and successors in interest, and those persons in active concert or participation with them who receive notice of the injunction, including suppliers, distributors and customers, enjoining them from continuing any and all acts of infringement of Holmes' '932 patent;

3

3.    Award Holmes its damages caused by RPS' infringement, in an amount to be determined, together with interest;

4.    Adjudge RPS' infringement to be willful and order that Holmes' damages be trebled pursuant to 35 U.S.C. § 284;

5.    Adjudge this to be an exceptional case and award Holmes its costs, expenses and reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

6.    Order such other and further relief as this Court may deem just and proper.

Respectfully submitted,

THE HOLMES GROUP, INC.,
By its attorneys,

Nicholas J. Nesgos (BBO #553177)
Gary W. Smith (BBO #550352)
Jennifer L. Finger, Esq. (BBO #641830)
POSTERNAK BLANKSTEIN & LUND LLP
100 Charles River Plaza
Boston, MA 02114
(617) 973-6100

Dated: July 2, 2003

## DEMAND FOR JURY TRIAL

HOLMES HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

4



UNITED STATES DISTRICT COURT FILED
DISTRICT OF MASSACHUSETTS CLERKS OFFICE

Civil Action No.: 03-40146-NMG

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| THE HOLMES GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RPS PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, The Holmes Group, Inc., for its amended complaint against defendant RPS
Products, Inc., alleges:

### The Parties, Jurisdiction and Venue

1.     This is an action for patent infringement under the patent laws of the United

States, Title 35, of the United States Code and for unfair competition and trademark infringement

under the Lanham Act, Title 15 of the United States Code.  This Court has subject matter

jurisdiction under 28 U.S.C. §§ 1331, and 1338(a) and (b).

2.     Plaintiff, The Holmes Group, Inc. ("Holmes"), is a Massachusetts corporation

with its principal place of business at 1 Holmes Way, Milford, Massachusetts.

3.     Upon information and belief, defendant, RPS Products, Inc. ("RPS") is a

corporation that transacts business in this judicial district and has a place of business at 281

Keyes Avenue, Hampshire, Illinois.

ID # 380669v01/3021-158/ 03.02.2004

4.      This Court has personal jurisdiction over RPS by virtue of RPS' offer for sale and sale of infringing products, directly or through others, into and in this jurisdiction, with the expectation that they will be purchased and used by consumers and others in the Commonwealth of Massachusetts, and on information and belief, by virtue that RPS derives substantial revenue from its products used or consumed in the Commonwealth of Massachusetts.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and § 1400(b). This Court has supplemental jurisdiction over Holmes' state law claim under 28 U.S.C. § 1367.

### The Holmes Patents

6.      United States Letters Patent 6,425,932 ("the '932 patent"), entitled "Air Purifier" was duly and legally issued to Holmes on July 30, 2002. (Copy attached hereto as Exhibit "A".)

7.      United States Letter Patent 6,685,760 ("the '760 patent"), entitled "Filter Assembly for Air Purifier" was duly and legally issued to Holmes on February 3, 2004. (Copy attached hereto as Exhibit "B".)

### The RPS H600 Replacement Filter

8.      RPS manufactures, markets, distributes, and/or sells replacement filters for use in air cleaners and humidifiers. One of these replacement filters is designated as the RPS model H600 filter (the "H600 Replacement Filter").

9.      The H600 Replacement Filter is marketed and advertised by RPS as a replacement filter for certain Holmes air cleaner models. The label on the H600 Replacement Filter box prominently displays the claim that it "Fits Holmes®," and lists the following Holmes® Harmony® Air Purifier Models: HAP 615, 625, 650, 675, 675RC. This designation is literally false because the RPS Replacement Filters do not meet Holmes performance standings,

2

a high proportion of the RPS Replacement Filters are defectively manufactured and, when the RPS Replacement Filters are placed in one of the Holmes machines that they purportedly "fit", the RPS filter will not allow the door to close.

10.     Holmes® Harmony® Air Purifiers are tested and rated by the American National Standards Institute ("ANSI") and the American Home Appliance Manufacturers Association ("AHAM"), in accordance with ANSI/AHAM AC-1-2002 entitled "American National Standard Method for Measuring Performance of Portable Household Electric Cord-Connected Room Air Cleaners." The ANSI/AHAM ratings for Holmes products are established using genuine Holmes® filters.

11.     The ANSI/AHAM ratings are designed to permit consumers to select the appropriate Holmes® Harmony® Air Purifier to clean the air in a particular room, based on the rated capacity of the Holmes machine, and the size of the room in which it is to be used.

12.     The ANSI/AHAM ratings establish a "Clean Air Delivery Rate" ("CADR") for three types of contaminants: pollen; smoke; and dust.  The CADR measures the rate at which these contaminants are removed from the air by the air cleaner.

13.     When the RPS H600 Replacement Filters are substituted for the genuine Holmes® filters in those Holmes® Harmony® Air Purifier models which RPS claims that the RPS H600 Replacement Filter "Fits," each of the Holmes® models substantially and materially underperforms its rated CADR for each of the rated contaminants.

14.     As a result, consumers who purchase a RPS H600 Replacement Filter believing that it "Fits Holmes" are misled into thinking that the H600 Replacement Filter is a suitable replacement for the proper Holmes ® filter when it is not.  When consumers use the RPS filter, they will not obtain the air cleaning capacity for which their air cleaner is rated and designed.

3

15.    In addition, upon information and belief, a significant percentage of the H600 Replacement Filters sold by RPS are sold to the public with a manufacturing defect that results in their total failure to clean any air at all. In these RPS filters the filter medium is not properly attached to the filter frame, allowing the air to bypass the filter medium altogether. When RPS filters with this defect are used in the Holmes® air cleaners, virtually no filtration is achieved.

16.    Consumers who attempt to use the H600 Replacement Filter in the Holmes® Harmony® HAP 675 air cleaner experience an additional problem. When the H600 Replacement Filter is placed in that machine the door will not close properly and the air purifier cannot be used.

17.    Since 1984, Holmes has used the Holmes name and marks, in connection with, among other things, air purifiers and parts thereof, including filters.

18.    The "Holmes" mark is registered in the United States Patent and Trademark Registration Nos. 1,898,796, and 1,955,313. These registrations are valid, subsisting, unrevoked, uncancelled, and incontestable and confer upon Holmes an exclusive right to use the Holmes name and marks in commerce in connection with, among other things, air purifiers, and parts thereof, including filters, without limitation or condition.

19.    RPS misrepresents the RPS H600 Replacement Filter on its Web site as a "Holmes air filter for HEPA models HAP615, 625, 650, 675, 675 RC, (HAP-600)."

4

### Count I

### (Claim for Patent Infringement)

20.    Holmes repeats and reavers each and every other paragraph of this Amended Complaint, as if fully set forth herein.

21.    RPS has infringed and is continuing to infringe both Holmes' '932 patent and its '760 patent by making, using, offering to sell, selling and/or importing and/or inducing and/or contributing to others' making, using, offering to sell, selling and/or importing products that embody or use the inventions claimed in the patent.

22.    Holmes has marked its products pursuant to 35 U.S.C. § 287.

23.    On information and belief, RPS' infringement has, in whole or in part, been willful and deliberate.

24.    Holmes has been and will continue to be damaged by RPS' infringement and has been and will continue to be irreparably injured by those activities.

25.    Holmes does not have an adequate remedy at law.

### Count II

### (Unfair Competition)

26.    Holmes repeats and reavers each and every other paragraph of this Amended Complaint, as if fully set forth herein.

27.    RPS advertises and sells its replacement filter, the H600 Replacement Filter, in interstate commerce, and in a nationwide sales campaign, as "Fits Holmes® HEPA Air Cleaners Models: HAP 615, 625, 650, 675, 675RC."

28.    RPS' H600 Replacement Filters are not acceptable replacement filters for use with Holmes air cleaners.

5

29.    The RPS H600 Replacement Filter packaging and nationwide advertising contains false and misleading statements and descriptions concerning replacement air filter applications, misrepresentations of fact, and constitutes unfair competition in violation of 15 U.S.C. §1125(a), the laws of the Commonwealth of Massachusetts.

## Count III

### (Trademark Infringement)

30.    Holmes repeats and reavers each and every other paragraph of this Amended Complaint as it fully set forth herein.

31.    Holmes® is a registered trademark of Holmes and is inherently distinctive or, at a minimum, has acquired secondary meaning.

32.    RPS's use of the mark "Holmes®" in commerce and in connection with the marketing and advertisement of RPS's own replacement filters constitutes trademark infringement in violation of 15 U.S.C. § 1114 and the common law of the Commonwealth of Massachusetts.

### Prayers for Relief

WHEREFORE, Holmes prays for judgment and relief against RPS, including:

A.    That RPS has infringed Holmes '932 and '760 patents;

B.    That RPS has engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and the laws of the Commonwealth of Massachusetts;

C.    That RPS has infringed Holmes' registered trademark in violation of 15 U.S.C. § 1114 and the laws of the Commonwealth of Massachusetts;

D.    A permanent injunction against RPS, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, its assigns and successors in interest, and those

persons in active concert or participation with them who receive notice of the injunction, including distributors and customers, enjoining them from continuing any and all acts of infringement of Holmes' '932 patent and/or its '760 patent;

      E.     A permanent injunction against RPS, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, its assigns and successors in interest, and those persons in active concert or participation with them who receive notice of the injunction, including distributors and customers, enjoining them from continuing any and all acts of unfair competition.

      F.     A permanent injunction against RPS, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, its assigns and successors in interest, and those persons in active concert or participation with them who receive notice of the injunction, including distributors and customers, enjoining them from continuing any and all acts of infringement of Holmes' registered trademark.

      G.     An accounting and turn over to Holmes of all proceeds and profits made by RPS from its wrongful acts of infringement and acts of unfair competition and trademark infringement, and to account for and pay to Holmes damages in an amount to be determined by the Court, together with pre-judgment and post-judgment interest;

      H.     That RPS' infringement be adjudged willful and said damages be trebled pursuant to 35 U.S.C. § 284;

      I.     That the damages awarded to Holmes for RPS' unfair competition and trademark infringement be trebled and that Holmes be awarded its reasonable attorney's fees and costs in connection therewith;

      J.     That this be adjudged an exceptional case and that Holmes be awarded its costs,

7

expenses and reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

K.    That Holmes otherwise be awarded its costs, expenses, and attorney's fees;

L.    Such other and further relief as this Court may deem just and proper.

### Demand for Jury Trial

Holmes hereby demands trial by jury in this action.

Respectfully submitted,

THE HOLMES GROUP, INC.,
By its attorneys,


Nicholas J. Nugos (BBO #553177)
Gary W. Smith (BBO #550352)
POSTERNAK BLANKSTEIN & LUND LLP
100 Charles River Plaza
Boston, MA  02114
(617) 973-6100

Dated:  March 2, 2004

8

**Certificate of Service**

I, Nicholas J. Nesgos, attorney for the plaintiff in the above-referenced matter, hereby certify that on this 2nd day of March, 2004, I served a copy of the within document by ~~faxing and~~ mailing same, postage prepaid, to:

Paul G. Juettner, Esquire
Greer Burns & Crain Ltd.
300 S. Wacker Drive, Suite 2500
Chicago, IL 60606

William D. Jalkut, Esq.
Fletcher, Tilton & Whipple, P.C.
370 Main Street
Worcester, MA 01608

Nicholas J. Nesgos

9